UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES C. MURRAY         ]
    Petitioner,        ]
                        ]
v.                      ]   No. 3:05-0365
                        ]   Judge Trauger
WAYNE BRANDON, WARDEN   ]
    Respondent.        ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Brandon, Warden of the facility, seeking a writ of habeas corpus.

In August, 1995, a jury in Davidson County found the petitioner guilty of first degree murder and conspiracy to commit murder. For these crimes, he received consecutive sentences of life imprisonment plus twenty two (22) years, respectively. Docket Entry No. 8; Addendum No. 2; Document No. 1. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 8; Addendum No. 2; Document No. 3. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 8; Addendum No. 2; Document No. 5.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Davidson County. Docket Entry No. 8; Addendum No. 3 at pg. 1. Following the appointment of counsel, the filing of two amended petitions and an evidentiary hearing, the petitioner was

1

denied post-conviction relief. Docket Entry No. 8; Addendum No. 3 at pg. 57. On appeal, the Tennessee Court of Criminal Appeals affirmed the lower court's ruling. Docket Entry No. 8; Addendum No. 4; Document No. 3. Once again, the Tennessee Supreme Court denied petitioner's application for additional review. Docket Entry No. 8; Addendum No. 4; Document No. 5.[1]

On May 5, 2005, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 1). The petition sets forth five claims for relief. More specifically, these claims include

    (1)    the petitioner's Fifth Amendment rights were violated when the prosecution used his post-arrest statements against him;

    (2)    the prosecution was guilty of misconduct when a co-defendant, Leonard Rowe, was allowed to give perjured testimony;

    (3)    the convictions were obtained following an illegal search and seizure of petitioner's automobile;

    (4)    trial counsel was ineffective because he failed to secure the testimony of an alibi witness (Pam Woolums); and

    (5)    trial counsel was ineffective for failing to impeach the testimony of the Medical Examiner, Dr. Charles Harlan, regarding the presence of Benadryl in the victim's body.[2]

Upon preliminary examination of the petition, the Court determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered

---

[1] While the petitioner's post-conviction appeal was still pending, he filed a petition for habeas corpus relief in the Circuit Court of Hickman County. The petition alleged that the convictions are void for lack of proper venue. In February, 2005, the state habeas corpus petition was denied. Docket Entry No. 1 at pg. 4.

[2] At trial, the petitioner was represented by John E. Rodgers, Jr., a member of the Davidson County Bar.

2

Case 3:05-cv-00365   Document 9   Filed 09/23/05   Page 2 of 8 PageID #: 20

directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court are the petition and respondent's Answer (Docket Entry No. 6) to the petition. Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).

The petitioner alleges that his red Firebird automobile was the subject of an illegal search and seizure (Claim No. 3). A review of the record, however, shows that this issue was never

3

offered to the state courts at any level for consideration. *See* Docket Entry No. 8; Addendum No. 2; Document No. 1 at pgs. 7-8. The record further shows that the Tennessee Court of Criminal Appeals held that the petitioner's claim regarding the perjured testimony of his co-defendant (Claim No. 2) had been waived by his failure to assert it on direct appeal of the convictions. Docket Entry No. 8; Addendum No. 4; Document No. 3 at pg. 5.

To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). In the case of those claims that were either waived or never presented to the state courts, the petitioner has failed to do so. Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

In this instance, the petitioner has failed to properly exhaust his state court remedies for

4

two of his five claims. The petitioner has pled neither cause nor prejudice to explain why these claims were not properly offered to every level of the state court system for consideration. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2649-50, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, supra. There is nothing in the petition to suggest that the petitioner was actually innocent of the charges against him. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims that were either waived or never presented to the state courts.[3]

The petitioner's remaining issues, i.e., the improper use of his post-arrest statements and two alleged instances of ineffective assistance of counsel (Claim Nos. 1, 4 and 5), were fully litigated in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly

---

[3] In his second amended petition for post-conviction relief, the petitioner "states that the newly discovered scientific evidence that a clear, tasteless liquid form of Benadryl was not available until nearly three years after the victim was killed shatters the State's theory that Petitioner and his co-defendants drugged the victim with the alleged substance prior to his shooting. Accordingly, such evidence demonstrates that the Petitioner is actually innocent." Docket Entry No. 8; Addendum No. 3 at pg. 54. This "newly discovered scientific evidence", however, does not render the petitioner's innocence more likely than not.

5

established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

Following his arrest, the petitioner made statements to the police in which he sought concessions from the government in exchange for a guilty plea. The state appellate court characterized his statements as follows :

> Moran testified that after he took Mr. Murray to the Kentucky State Police Headquarters and advised him of his rights, Mr. Murray stated "that he knew some information in this case, that he wanted to help, but he wanted to make a deal." Moran then told Mr. Murray that he could not make any deals because he was not the district attorney general. Mr. Murray then asked if he could talk to another detective in private. After he talked to the other detective, Mr. Murray came back into the room and said to Moran, "I've got some information in this case and I think I can get a better deal if I had a lawyer." At this point, Moran terminated the interview.

Docket Entry No. 8; Addendum No. 2; Document No. 3 at pg. 15.

The state courts found that the petitioner had been properly informed of his Fifth and Sixth Amendment rights prior to questioning. It was further found that, under the totality of the circumstances, the petitioner's statements were "voluntary and spontaneous". Id. The petitioner

6

has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of this claim was neither contrary to nor an unreasonable application of federal law.

The petitioner also alleges that he was denied the effective assistance of counsel when his attorney failed to secure the testimony of an alibi witness and failed to impeach the testimony of the Medical Examiner regarding the presence of Benadryl in the victim's body.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993).

The state courts applied the holding of Strickland, supra, to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. Docket Entry No. 8; Addendum No. 4; Document No. 3 at pg. 4. The record supports these findings. Counsel did serve the alibi witness prior to trial with a subpoena to testify. This witness chose to ignore the subpoena and did not appear. Her

7

credibility was found to be questionable at best, thus there was no prejudice arising from her failure to testify for the petitioner. Moreover, the victim was shot to death. Consequently, the type of Benadryl ingested by the victim before being shot in all likelihood had little or no bearing upon who murdered him.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, petitioner's ineffective assistance claims have no merit.

In the absence of an actionable claim, the Court finds that the § 2254 habeas corpus petition has no merit. Therefore, the petition shall be denied and this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge